```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
In Re:                                                    Chapter 7

RICK ALAN DAVIDSON,                                       Case No. 19-11486 (DSJ)

                         Debtor.
-------------------------------------------------------------------------x
SALVATORE LAMONICA, Solely in His Capacity as
Chapter 7 Trustee of the Estate of Rick Alan Davidson,

                         Plaintiff,                       Adv. Pro. No. 21-01126 (DSJ)

        -against-

AMERICAN EXPRESS COMPANY, AMERICAN
EXPRESS TRAVEL RELATED SERVICES
COMPANY, INC., AMERICAN EXPRESS
CREDIT CORPORATION, AMERICAN
EXPRESS NATIONAL BANK F/K/A
AMERICAN EXPRESS CENTURION BANK AND
SUCCESSOR BY MERGER TO AMERICAN
EXPRESS BANK, FSB, and BELLATOUR, LLC,

                         Defendants.

-------------------------------------------------------------------------x
```

## **SCHEDULING ORDER**

**The parties cannot amend this order by stipulation or otherwise, and the Court will not amend it unless presented with (i) proof of cause beyond the control of the party seeking amendment and (ii) timely application as soon as possible after the party seeking amendment learns of the cause. FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTION. If delay or other act or omission of your adversary may result in a sanction against you, it is incumbent on you to promptly bring this matter to the Court for relief.**

It is hereby ORDERED as follows:

1. All fact discovery shall be completed by February 10, 2022. In the event of a dispute over discovery, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court by letter of the nature of the dispute and request a telephonic discovery conference. At the conference, the Court will ask the parties about their prior efforts to resolve the dispute.

2. All expert discovery shall be completed by April 10, 2022. In the event of a dispute over discovery, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court by letter of the nature of the dispute and request a telephonic discovery conference. At the conference, the Court will ask the parties about their prior efforts to resolve the dispute.

3. Initial disclosures required under Rule 7026 of the Federal Rules of Bankruptcy Procedure shall be served by the parties on or before September 20, 2021.

4. Either or both parties may seek leave under the Local Bankruptcy Rules to move for summary judgment under Fed. R. Bankr. P. 7056 after completion of discovery and before taking the steps set forth in paragraphs 5-8 below. If such request is granted, the parties shall schedule the adjourned pretrial conference to take place approximately one month after the scheduled hearing on summary judgment.

5. The Court will hold a final pretrial conference on May 17, 2022 at 10:00 A.M. (unless a party has previously obtained permission under the Local Bankruptcy Rules to move for summary judgment, which motion shall be heard at that date and time), <u>at which time the parties must be prepared to proceed to trial within two weeks</u>.

6. In advance of the final pretrial conference, the parties shall have conferred and used their best efforts to agree on a joint exhibit book and shall have identified any exhibits whose admissibility is not agreed.

7. In addition, on or before two weeks before the final pretrial conference, the parties shall have exchanged proposed witness lists.

8. On or before one week before the scheduled trial date, the parties shall (a) submit to chambers declarations under penalty of perjury or affidavits of their direct witnesses, who shall be present at trial for cross-examination and redirect, or have sought the Court's permission to examine direct witnesses at trial and (b) submit to chambers the joint exhibit book referred to in paragraph 6 hereof. Nothing contained here shall preclude either party from seeking relief before the Court to modify this paragraph 8 to provide for live testimony of witnesses in lieu of declarations or affidavits of direct testimony.

Dated: New York, New York
September 9, 2021

<i>s/ David S. Jones</i>
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE